IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TAMMY L. CARTER,

          Plaintiff,

v.                                       CIVIL ACTION NO. 5:11-cv-00626

FRANKIE E. MAULLER and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiff's Motion to Dismiss Action* (Document 64) together with Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") response (Document 65) and Plaintiff's reply (Document 66). Plaintiff, Tammy Carter, moves to voluntarily dismiss her Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiff argues Counts II and III (underinsured motorist claim) were settled by mediation on July 10, 2012. (Document 64 ¶ 3.) Plaintiff argues Count IV (declaratory judgment) was rendered moot because State Farm did not rely upon the non-duplication of recovery provision when it tendered the policy limits at mediation. Plaintiff seeks to dismiss Count I (breach of contract) without prejudice.

In response, State Farm agrees that Counts II, III and IV should be dismissed with prejudice, but objects to the language used by Plaintiff's proposed Order of Dismissal (Document 64-1). To the extent the parties disagree with the language that should be used to dismiss Counts

II, III and IV, the Court will not consider such arguments and enter dismissal of such counts *exactly* as it appears in the previously filed stipulation of dismissal of those Counts. (*See* Document 62.)  Thus, the Court need only address whether Plaintiff is entitled to have Count I dismissed without prejudice.   State Farm objects to the dismissal of Count I without prejudice and alternatively submits that such claim should be dismissed with prejudice.

Rule 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper. . . .* Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." (emphasis added.)  Under Rule 41(a)(2), the Court is to freely allow "voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.,* 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986).  It is clear that "substantial prejudice to the defendant does not result from the mere possibility that a second lawsuit may be filed, but rather, the prejudice incurred must be *actual* legal prejudice." *Vosburgh v. Indem. Ins. Co. of N. Am.,* 217 F.R.D. 384, 386 (S.D.W. Va. 2003).   In consideration of whether a defendant will suffer actual legal prejudice, the Court considers the following factors:   (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation; i.e., whether a motion for summary judgment is pending. (*Id.)*

With little elaboration, State Farm contends it "would suffer prejudice if the voluntary dismissal without prejudice is granted given the present status of this litigation." (Document 65 at 9.)  State Farm argues Plaintiff only sought voluntary dismissal after the close of discovery and

just months before the scheduled trial. (*Id.*) State Farm also argues it exhausted the per person bodily underinsured motorist coverage limit by July 17, 2012, and expended time and incurred expenses defending this action. (*Id.* at 9-10.) State Farm asks the Court to dismiss Count I with prejudice because "plaintiff had adequate opportunity to conduct discovery on all Counts of her Complaint and has now received the limits of the . . . medical payment coverage and underinsured motorist coverage . . . [.]" (*Id.* at 10.) With respect to the *Vosburgh* factors, in reply, Plaintiff argues State Farm has not incurred additional expense with respect to Count I because the discovery focused primarily on the underinsured claim and not the breach of contract claim. (Document 66 at 3.) Next, Plaintiff argues she diligently pursued this case and acted without delay. (*Id.*) Further, Plaintiff argues once State Farm finally tendered the coverage limits after mediation, Plaintiff decided to voluntarily dismiss her breach of contract claim (Count I). (*Id.* at 3-4.) Additionally, Plaintiff argues the Defendant is not prejudiced by the current stage of litigation or any pending motions. Instead, "Plaintiff is simply going to pursue her bad faith and UTPA case against State Farm and the adjustors in a separate lawsuit." (*Id.* at 4.) In conclusion, Plaintiff argues "State Farm cannot demonstrate 'substantial prejudice' to justify a denial of the motion to dismiss under Rule 41(a)(2)."

After careful consideration of the aforementioned pleadings, the Court finds Defendant fails to demonstrate that it would be substantially prejudiced by a dismissal of Count I without prejudice. State Farm does not have any pending motions and only recently tendered the insurance policy limits to Plaintiff. Further, it appears Plaintiff has diligently prosecuted her claims without undue delay. Finally, State Farm is not legally, much less substantially,

prejudiced by the prospect of facing a second law suit. Accordingly, the Court finds it proper to dismiss Count I without prejudice pursuant to Rule 41(a)(2).

Wherefore, based on the findings herein, the Court does hereby **ORDER** that *Plaintiff's Motion to Dismiss Action* (Document 64) be **GRANTED** and **ORDERS** that Count I be **DISMISSED without prejudice**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 20, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA